UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kaah Express FS, Inc.,                                      Civil No. 06-3781 (JRT/FLN)

      Plaintiff,

      v.                                                   **REPORT AND**
                                                           **RECOMMENDATION**
Ebdulqadir Osman, Ahmed Osman,
Mohamed Nur, Mohamed Ali, Kaal Express
Company, Sagal Express, Inc., Kaah Money
Wiring,

      Defendants.

_____

Jessica Grassley and Eleasalo Ale for Plaintiff.
Daniel Kennedy for Defendants.

_____

     **THIS MATTER** came before the undersigned United States Magistrate Judge on October

12, 2006, on Plaintiff's motion for contempt [#8].  The matter was referred to the undersigned for

Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons

which follow, this Court recommends Plaintiff's motion for contempt [#8] be granted.

### FINDINGS OF FACT

1.     Judge Janet Poston of Hennepin County District Court issued a temporary injunction order

     in this matter on September 13, 2006.

2.     The Temporary Injunction Order expressly enjoined and prohibited Defendants from "using

     the words 'Kaal' or 'Kaah' or any similar iterations of these words in connection with a

     money-wiring business." (Judge Poston's Temporary Injunction Order (hereinafter "Temp.

     Inj.Order") ¶ 2(a), Sept. 13, 2006.)

3.     Judge Poston found that Defendants possessed Plaintiff's confidential database of customer

information (hereinafter "Database").  (Temp. Inj. Order ¶ 2 (e).)

4.     The Temporary Injunction Order enjoined and prohibited Defendants from using, copying or transferring the Database.  Additionally, Defendant's were required to remove the Database from their computers and turn over any storage devices containing the Database. (Temp. Inj. Order ¶ 2 (d), (e).)

5.     Defendants and those acting in concert with Defendants have used the words "Kaah" in connection with a money-wiring business.  (Declaration of Jamal A. Hassan Ex. A-F.)

6.     Defendants have not turned over the Database to Plaintiff.  Defendant asserts that it does not possess the Database, therefore, it is unable to turn over the Database.  Plaintiff suspects that Defendant still possesses the Database, but has not provided evidence to support this proposition.

7.     Defendants are in contempt of the Temporary Injunction Order through use of the word "Kaah" in connection with a money-wiring business and failure to turn over the Database to Plaintiff.

## RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for contempt [#8] be **GRANTED** as follows:

1.     Defendants be ordered to comply with the Temporary Injunction Order.

2.     Defendants be ordered to pay $1,000.00 per day for violations of the Temporary Injunction Order occurring after the date this Report and Recommendation is adopted by the Court.

3.     To the extent Plaintiff has been damaged by Defendants' violation of Judge Poston's order at any time before the Court adopts this Report and Recommendation, it can recover those

2

damages at the trial on the merits of Plaintiff's complaint.

4.      If the Defendants possess the Database, failure to turn over the Database is a violation of the

Temporary Injunction Order, and Defendants would be in contempt for failing to turn it over.

If they are still in possession of the Database, Defendants are once again ordered to turn over

the Database and prohibited from using, copying, or possessing it in any way.  The Court has

insufficient evidence before it to conclude whether Defendants possess the Database.

5.      Plaintiff is awarded his reasonable attorney's fees and costs in the bringing of the motion,

such fees and costs are to be specifically determined upon separate petition of the Plaintiff.


DATED: October 24, 2006                           s/ *Franklin L. Noel*_____
                                                  FRANKLIN L. NOEL
                                                  United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 14, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **November 14, 2006** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.