# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| KAAH EXPRESS FS, INC., | Civil No. 06-3781 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ON REPORT AND RECOMMENDATION** |
| EBDULQADIR OSMAN; AHMED OSMAN; MOHAMED NUR; MOHAMED ALI; KAAL EXPRESS COMPANY; SAGAL EXPRESS, INC.; and KAAH MONEY WIRING; | |
| Defendants. | |

Jesseca R. F. Grassley, Eleasalo Ale, and Nathaniel Zylstra, **FAEGRE & BENSON, LLP**, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, for plaintiff.

Daniel L. M. Kennedy, **KENNEDY LAW GROUP, PLLC**, 4103 East Lake Street, Minneapolis, MN 55406, for defendants Ebdulqadir Osman and Sagal Express, Inc.

Plaintiff filed this lawsuit against defendants alleging deceptive trade practices under state and federal law and various common law causes of action. This matter is before the Court on the objection of defendants Ebdulqadir Osmand and Sagal Express, Inc. (hereinafter "defendants") to the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated October 24, 2006, recommending that plaintiff's motion for contempt be granted. For the reasons set forth below, the Court adopts in part the Report and Recommendation and grants plaintiff's motion for contempt.

## BACKGROUND

Plaintiff Kaah Express FS, Inc. ("Kaah Express") provides money-wiring services to customers who wish to send money overseas. Defendant Ebdulqadir Osman ("Osman") is a former officer and director of Kaah Express. Osman left Kaah Express in May 2006 and relinquished all titles and interest in Kaah Express pursuant to a settlement agreement. Osman subsequently formed defendant Sagal Express, Inc. Sagal Express provides money-wiring services and does business as "Kaal Express" and "Kaah Money Wiring." Sagal Express is located in a storefront adjacent to plaintiff's place of business.

On July 25, 2006, Kaah Express filed a lawsuit against defendants in Hennepin County district court alleging deceptive trade practices in violation of state and federal law, as well as various common law causes of action. On September 12, 2006, the district court issued a Temporary Injunction Order enjoining defendants from "using the words 'Kaal' or 'Kaah' or any similar iterations of these words in connection with a money-wiring business." (Temp. Inj. Order at ¶ 2(a).) The order further enjoined defendants from using, copying, or transferring plaintiff's customer database, and required defendants to remove the database from their computers and deliver to the plaintiff any storage devices containing the database.

Defendants removed this action to federal court on September 15, 2006. Plaintiff subsequently filed this Motion for Contempt. According to plaintiff, defendants have violated the Temporary Injunction Order by using the word "Kaah" in connection with a money-wiring business. Specifically, plaintiff points to defendants' use of a sign on

which the words "Money Wiring" appear in large, bold letters below the words "Kaah Financial Service." (Decl. of Jamal A. Hassan Ex. A.) Plaintiff further alleges that defendants have failed to turn over storage media containing the customer database. In the October 24, 2006 Report and Recommendation, the Magistrate Judge determined that defendants' use of the sign violated the Temporary Injunction Order, but found insufficient evidence to conclude that defendants were in possession of the customer database. The Magistrate Judge therefore recommended that this Court grant plaintiff's motion for contempt. In addition, the Magistrate Judge recommended that the Court order defendants to pay $1000 per day for any violations of the Temporary Injunction Order occurring after adoption of the Report and Recommendation. Defendants timely objected to the Report and Recommendation.

## ANALYSIS

The Court reviews defendants' objections to the Magistrate Judge's Report and Recommendation *de novo*. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). Defendants argue that the sign at issue does not violate the Temporary Injunction Order. According to defendants, the words "Kaah Financial Service" are not used in connection with a money-wiring business because they are separated from the words "Money Wiring" by a thin line and the words "Sagal Express." (*See* Decl. of Jamal A. Hassan Ex. A.) Additionally, defendants argue that they do not have physical possession of the customer database and therefore cannot turn over the database to plaintiff.

The Court agrees with the Magistrate Judge that defendants' sign is in clear violation of the Temporary Injunction Order.   The proximity of the words "Kaah Financial Service" with "Money Wiring" on the sign suggests that Kaah is in the business of providing money-wiring services, in express violation of the order.   However, the Court finds that plaintiff has produced insufficient evidence to show that defendants possess the customer database and have failed to provide the database to plaintiff.[1]   As such, defendants' failure to turn over the customer database is not by itself sufficient grounds for a finding of contempt.   *See Ford Motor Co. v. B & H Supply, Inc.*, 646 F. Supp. 975, 1002 (D. Minn. 1986) (stating that a motion for contempt must show noncompliance by clear and convincing evidence).   The Court is confident that defendants will comply with the terms of the Temporary Injunction Order and finds that an additional fine is unnecessary to ensure defendants' compliance at this time.   Further, plaintiff can recover at trial damages resulting from defendants' violation of the Temporary Injunction Order.   Should the defendants fail to remove the sign in compliance with this Order, however, the Court will impose sanctions against defendants upon motion of the plaintiff.

For these reasons, the Court adopts in part and rejects in part the Report and Recommendation.

---

[1] The Court notes, however, that if defendants are in possession of the database, failure to turn over the database to plaintiff would violate the Temporary Injunction Order and result in an order of contempt from the Court.

## ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES in part** defendants' objections [Docket No. 24] and **ADOPTS in part and REJECTS in part** the Magistrate Judge's October 24, 2006 Report and Recommendation [Docket No. 22], as follows:

1.      Defendants shall comply with the Temporary Injunction Order.  Defendants must remove the "Kaah Financial Service" sign at issue within one day of the date of this Order.  If defendants fail to comply with this Order, the Court will impose sanctions against defendants upon motion of the plaintiff.  Defendants must also provide the customer database to the plaintiff, if it is in defendants' possession.

2.      Plaintiff shall be awarded costs and reasonable attorney's fees.  Such fees and costs shall be determined upon separate petition of the plaintiff.

DATED:    April 24, 2007                    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                   United States District Judge